UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** 420 Montgomery Street San Francisco, CA  94163, | ) ) ) ) ) | CASE NO: 4:15-cv-239 |
| Plaintiff, | ) ) | JUDGE _____ |
| vs. | ) ) | |
| | ) | Jury Demand Endorsed Herein |
| **ALLSTATE INSURANCE COMPANY,** c/o CT Corporation System 1300 E. 9th Street, Suite 1010 Cleveland, OH  44114 | ) ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

Wells Fargo Bank, N.A. states the following for its complaint against Allstate Insurance Company ("Allstate").

**Nature of the Action**

1. This is an action for breach of contract and declaratory judgment stemming from Allstate's improper refusal to honor a homeowner's insurance contract after a February 6, 2014 fire destroyed the home covered under such contract.

**Jurisdiction and Venue**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

3. This Court has general personal jurisdiction over Allstate because of its continuous and systematic contacts with the State of Ohio.  Allstate has insurance agents and

maintains offices throughout the State of Ohio, and insures thousands of customers within the State of Ohio.

4. This Court has specific personal jurisdiction over Allstate because of the forum selection clause in the insurance contract in dispute and because the property covered under such insurance contract was in this judicial district.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(d).

## The Parties

6. Wells Fargo Bank, N.A. ("Wells Fargo"), is a national banking association chartered under the laws of the United States and is authorized to do business in all states.

7. Allstate provides insurance to customers nationwide, is organized and existing under the laws of the State of Illinois, and has its principal place of business in the State of Illinois. Allstate has a statutory agent for service of process located in Ohio.

## The Insurance Contract

8. In or around September 2013, Allstate, through its Canfield, OH agent, McDevitt Insurance Agency, issued Homeowners Policy, Policy No. 9 80 584930 09/20 (the "Insurance Policy"), to Mr. Antoniano Delsignore for the dwelling located at 7376 Yellow Creek Dr., Poland, OH 44514-2649 (the "Subject Property"). Attached hereto as Exhibit A is a true and correct copy of the Insurance Policy.

9. The term of the Insurance Policy was from September 20, 2013 to September 20, 2014. *See* Ex. A, Homeowners Policy Declarations at p. 1.

10. The Insurance Policy provides up to $250,833.00 in insurance coverage for any sudden and accidental direct physical loss to the Subject Property. *Id.* at p. 2; Allstate Property and Casualty Insurance Company Homeowners Policy ("Policy Terms") at p. 7.

11. At all relevant times, Wells Fargo and its successors and/or assigns, was the insured mortgagee under the Insurance Policy.

### Ownership of the Subject Property

12. Upon information and belief, the Subject Property was a 2,010 square foot, 3 bedroom, 1.5 bathroom, single-family home built in 1960.

13. In or around September 2010, Mr. Delsignore executed a mortgage for the property as the borrower. Under the terms of the mortgage, Mr. Delsignore was required to maintain property insurance for loss by fire and other hazards with a standard mortgage clause. In accordance with the standard mortgagee clause, the insured mortgagee has the exclusive right to hold any insurance proceeds issued under such policy, for application to restoration and repair of the Subject Property or repayment of the mortgage debt. Attached hereto as Exhibit B is a true and correct copy of the Mortgage for the Subject Property.

14. On January 23, 2013, Wells Fargo initiated foreclosure proceedings against Mr. Delsignore in the Mahoning County Court of Common Pleas. Judgment was entered in Wells Fargo's favor on June 10, 2013.

### Actions Giving Rise to this Complaint

15. On February 6, 2014, a fire caused damage to the Subject Property. The fire occurred during the term of the Insurance Policy. Allstate had never attempted to cancel the Insurance Policy through written notice or otherwise at any time before the fire. All insurance premiums due under the Insurance Policy were fully paid at the time of the fire.

16. Wells Fargo, by and through its agent MSI, LLC, filed an insurance claim against Allstate for the damage to the Subject Property.

17. Allstate supposedly denied the claim, despite having accepted monthly premiums and renewing the Insurance Policy well into 2013, because the fire was determined to be caused by arson, and because of an exclusion in the Insurance Policy for acts of vandalism or malicious mischief.

18. "Fire" and "Vandalism and Malicious Mischief" are separate perils under the Insurance Policy.

19. Neither the Insurance Policy, nor Ohio law, define "vandalism" or "malicious mischief" to include arson.

## COUNT I—BREACH OF CONTRACT

20. Wells Fargo realleges each and every allegation set forth in Paragraph 1-19 above as if fully set forth herein.

21. Allstate breached the Insurance Policy by denying coverage after the February 6, 2014 fire damaged the Subject Property, even though all insurance premiums under the Insurance Policy were current.

22. Allstate did not "repair, rebuild, or replace all or any part of the damaged, destroyed, or stolen property with property of like kind and quality" as per the terms of the Insurance Policy after the February 6, 2014 fire at the Subject Property. *See* Ex. A, Policy Terms at p. 17.

23. Allstate did not "pay for all or any part of the damaged, destroyed or stolen property" as per the terms of the Policy after the February 6, 2014 fire at the Subject Property. *Id.*

24. Allstate did not opt to make a special payment before any decision was made to repair, rebuild or replace the damaged property per the terms of the Insurance Policy after the February 6, 2014 fire at the Subject Property. *Id* at p. 17.

25. Allstate did not pay the "actual cash value" of the damaged, destroyed or stolen property as per the terms of the Insurance Policy after the February 6, 2014 fire at the Subject Property.

26. Allstate did not offer any reimbursement per the terms of the Insurance Policy for any other building structures that were damaged as a result of the February 6, 2014 fire at the Subject Property. *Id.* at p. 18.

27. Allstate did not pay reasonable expenses incurred "to remove debris of covered property damaged by a loss" after the February 6, 2014 fire at the Subject Property per the terms of the Insurance Policy. *Id.* at p. 11.

28. Allstate did not "pay up to $500 for service charges made by fire departments called to protect" the Subject Property in connection with the February 6, 2014 fire at the Subject Property per the terms of the Insurance Policy. *Id.*

29. Allstate did not reimburse "up to $5,000 for the reasonable and necessary cost" incurred for "temporary repairs to protect covered property from further imminent covered loss" after the February 6, 2014 fire at the Subject Property per the terms of the Insurance Policy. *Id*.

30. Allstate did not "pay up to an additional 5% of the limit of liability shown on the Policy Declarations . . . for loss to trees, shrubs, plants and lawns" as a result of the February 6, 2014 fire at the Subject Property per the terms of the Insurance Policy. *Id.* at p. 12

31. Allstate's failure to honor the terms of the Insurance Policy caused immediate financial harm to Wells Fargo.

## COUNT II—DECLARATORY JUDGMENT

32.     Wells Fargo realleges each and every allegation set forth in Paragraph 1-31 above as if fully set forth herein.

33.     Upon information and belief, Allstate denies that the February 6, 2014 fire at the Subject Property is a "covered loss" under the Insurance Policy.

34.     Wells Fargo seeks a declaratory judgment for the purposes of determining a question of actual controversy between the parties concerning Allstate's obligations and coverages under the Insurance Policy.

35.     Wells Fargo seeks a declaration that the Insurance Policy provides full insurance coverage for the Subject Property for all damage and loss caused to it by the February 6, 2014 fire.

## COUNT III—SPECIFIC PERFORMANCE

36.     Wells Fargo realleges each and every allegation set forth in Paragraphs 1-35 above as if fully set forth herein.

37.     Allstate entered into the Insurance Policy wherein it clearly and expressly agreed to provide insurance coverage for loss to the Subject Property from incidents such as the February 6, 2014 fire.  Allstate realized substantial premiums in consideration for the agreed upon insurance coverage.

38.     Wells Fargo has suffered financial harm and expense as a result of the damage done to the Subject Property from the February 6, 2014 fire that was insured by Allstate.

39.     Because Allstate received the benefit of its bargain, Allstate is legally obligated to specifically perform the Policy.  The Court should therefore require Allstate to honor the terms of the Policy.

## COUNT IV—UNJUST ENRICHMENT

40. Wells Fargo realleges each and every allegation set forth in Paragraphs 1-39 above as if fully set forth herein.

41. Despite realizing substantial premiums for insuring the Subject Property, Allstate has withheld the insurance proceeds owed to Wells Fargo for the damage to the Subject Property that occurred as a result of the February 6, 2014 fire.

42. Allstate has therefore been unjustly enriched.

## Demand for Relief

WHEREFORE, Wells Fargo respectfully requests that this Court enter judgment as follows:

A. Declaring that the Insurance Policy provides full insurance coverage to Wells Fargo for the damage to the Subject Property as a result of the February 6, 2014 fire;

B. Directing Allstate to specifically perform its contractual obligations under the Insurance Policy and settle the claim filed by Wells Fargo for the damage to the Subject Property as a result of the February 6, 2014 fire;

C. Awarding Wells Fargo its damages, including its attorneys' fees, costs and expenses incurred for this action, for Allstate's breach of the Insurance Policy; and

D. Granting Wells Fargo such other relief as is just and proper.

**Jury Demand**

Wells Fargo demands a trial by jury to the extent permitted by applicable law.

        /s/ Philip B. Sineneng
Philip B. Sineneng      (0083406)

Respectfully submitted,

        /s/ Philip B. Sineneng
Philip B. Sineneng      (0083406)
    *Trial Attorney*
Anthony C. White      (0062146)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Tel:   (614) 469-3200
Fax:  (614) 469-3361
Philip.Sineneng@ThompsonHine.com
Tony.White@ThompsonHine.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A., d/b/a MSI, LLC*