PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| | ) CASE NO. 4:15CV0239 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) [Resolving ECF Nos. 36, 38, and 43] |

Plaintiff Wells Fargo Bank, N.A., ("Wells Fargo") brought the present action against Allstate Insurance Company ("Allstate") on February 5, 2015 asserting claims for breach of contract, declaratory judgment, specific performance, and unjust enrichment. The parties submitted cross-motions for summary judgment on the issue of whether arson is an excluded loss under a homeowner's policy which prohibits coverage for "vandalism and malicious mischief" when a home has been vacant for 30 or more consecutive days. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, Wells Fargo's motion is granted and Defendant's motion is denied.

## I. Stipulated Facts

The stipulated facts[1] are as follows:

1. The terms of Allstate Property and Casualty Insurance Company Homeowners Policy No. 9 80 584930 09/20 (the "Policy"), executed with Antoniano Delsignore for a single-family

---

[1] *See* Joint Stipulation of Facts (ECF No. 35).

(4:15CV0239)

home located at 7376 Yellow Creek Drive in Poland, Ohio (the "Property"), govern the dispute between the parties in the above-captioned action.

2. At all relevant times, Wells Fargo was the insured mortgagee under the Policy.

3. Mr. Delsignore defaulted on his mortgage payments in 2013, and by the end of the year, the Property was vacant.

4. On February 6, 2014, a fire caused by an unknown arsonist (the "Arson") damaged the Property.

5. The Policy was in effect at the time of the Arson.

6. Wells Fargo filed an insurance claim under the Policy for the damage caused by the Arson.

7. Allstate denied Wells Fargo's claim based upon the exclusion in the Policy which precludes coverage for losses caused by vandalism and/or malicious mischief when the Property has been vacant or unoccupied for 30 or more consecutive days prior to the loss.

8. Wells Fargo and Allstate disagree over the applicability of the exclusion described in Paragraph 7 (above) to the Arson.

## II. Procedural History

Wells Fargo filed the within lawsuit against Allstate in February 2015. There is no Ohio legal precedent deciding whether "malicious mischief" or "vandalism" exclusions in homeowners' insurance policies include losses that occur as a result of arson. The Court certified the question to the Supreme Court of Ohio, and the high court accepted the certification

2

(4:15CV0239)

on September 30, 2015. On May 18, 2016, the Supreme Court of Ohio issued an order that the certification was improperly allowed and declined to answer the question presented.[2] *Wells Fargo Bank, N.A. v. Allstate Ins. Co.*, 146 Ohio St.3d 232 (2016) (ECF No. 30). Thereafter, both parties submitted cross-motions for summary judgment regarding the issue of whether arson falls within an exclusion for "vandalism or malicious mischief" under the Policy.

### III. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute. An opposing party may not simply rely on its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be

---

[2] The opposed motion for oral argument (ECF No. 43) is denied as unnecessary, as the matter has already been argued before the Ohio Supreme Court. That argument was unhelpful. A second oral argument would likely be even less helpful.

3

(4:15CV0239)

resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.* This standard of review does not differ when reviewing cross-motions for summary judgment versus a motion filed by only one party.

(4:15CV0239)

*U.S. SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). In Ohio, interpretation of insurance contracts is a matter of law for the courts. *Medpace, Inc. v. Darwin Select Ins. Co.*, 13 F. Supp.3d 839, 843-44 (S.D. Ohio 2014).

### IV. Relevant Policy Language

The Policy at issue provides coverage for three types of property damage. Coverage A is for dwelling protection, Coverage B is for other structures protection, and Coverage C is for personal property protection. ECF No. 35-1 PageID #: 213. Wells Fargo filed its claim for the Arson under Coverage A. The relevant portions of the Policy are as follows:

**Definitions Used in This Policy**

\* \* \*

4. **Dwelling** – means the single family **building structure** identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence.

ECF No. 35-1 PageID #: 214-15 (emphasis in original).

**Section I – Your Property**

**Coverage A**
**Dwelling Protection**

**Property We Cover Under Coverage A:**
1. **Your dwelling** including attached structure. Structures connected to **your dwelling** by only a fence, utility line, or similar connection are not considered attached structures.

ECF No. 35-1 PageID #: 218 (emphasis in original).

**Losses We Cover Under Coverage C:**

(4:15CV0239)

> **We** will cover sudden and accidental direct physical loss to the property described in **Coverage C – Personal Property Protection**, except as limited or excluded in this policy, caused by:
> 1. Fire or Lightning.
>
> \* \* \*
>
> 8. Vandalism and Malicious Mischief.
>
> **We** do not cover vandalism or malicious mischief if **your dwelling** has been vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. A **dwelling** under construction is not considered vacant or unoccupied.

ECF No. 35-1 PageID #: 220-21 (emphasis in original).

> **Additional Protection**
>
> \* \* \*
>
> 10. **Arson Reward**
>     **We** will pay up to $5,000 for information leading to an arson conviction in connection with a fire loss to property covered under **Section I** of this policy. The $5,000 limit applies regardless of the number of persons providing information.

ECF No. 35-1 PageID #: 222-24 (emphasis in original).

> **Losses We Do Not Cover Under Coverage A, Coverage B and Coverage C**
>
> A. **We** do not cover loss to the property described in **Coverage A – Dwelling Protection** or **Coverage B – Other Structures Protection** consisting of or caused by the following:
>
> \* \* \*
>
> 6. Vandalism or Malicious Mischief if **your dwelling** is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. A **dwelling** under construction is not considered vacant or unoccupied.

6

(4:15CV0239)

ECF No. 35-1 PageID #: 225-26 (emphasis in original).

**V. Analysis**

The issue of whether arson falls within an exclusion for vandalism or malicious mischief is one of first impression in Ohio. Other jurisdictions have, however, decided this issue. For instance, several courts have found that an exclusion for vandalism and/or malicious mischief does not encompass arson, particularly where the policy distinguishes between arson and vandalism and/or malicious mischief. *See*, e.g., *R & J Dev. Co. LLC. v. Travelers Prop. Cas. Co. of Am.*, No.11-47-ART, 2012 WL 1598088, at *1 (E.D. Ky. May 7, 2012) ("Although the term 'vandalism' is undefined, the language and structure of the policy make clear that 'vandalism' does not include damage due to intentionally set fires."); *Bates v. Hartford Ins. Co. of the Midwest*, 787 F. Supp.2d 657, 662 (E.D. Mich. 2011) ("Thus, *arson* is contemplated as a peril within the class of losses caused by fire—not by *vandalism*.") (emphasis in original); *Nationwide Mut. Fire Ins. Co. v. Nationwide Furniture, Inc.*, 932 F. Supp.655, 657 (E.D. Penn. 1996) ("Because fire and vandalism are listed in the policy as separate causes of loss, we conclude that at best the word vandalism is ambiguous. . . we interpret the policy to provide coverage when fire damages a vacant building even though vandals may have set the blaze."); *Am. States Ins. Co. v. Rancho San Marcos Prop. LLC*, 97 P.3d 775, 778 (Wash. Ct. App. 2004) (". . . any reward for information was limited to arsonists, not vandals. According to this policy then, arson is different from vandalism."); *Cipriano v. Patrons Mut. Ins. Co. of Conn.*, No. 4100708, 2006 WL 1230337, at *1 (Conn. Super. Ct. 2006) (". . . this court concluded that the term 'vandalism' is ambiguous and susceptible to alternate interpretations."); *Southern Trust Ins. Co. v. Phillips*, 474

7

(4:15CV0239)

S.W.3d 660, 671 (Tenn. Ct. App. 2015) (". . . the policy. . . unambiguously provides coverage for fire and/or arson. . . [i]f Southern Trust desired the result to be otherwise. . . it could have. . . distinguished between. . . accidental fires and. . . intentionally set fires.").

On the other hand, several courts have ruled that arson falls within the plain and ordinary meaning of an exclusion for vandalism or malicious mischief. *See*, e.g., . *Botee v. Southern Fidelity Ins. Co.*, 162 So.3d 183, 188 (Fla. Dist. Ct. App. 2015) (". . . we conclude that the plain and ordinary meanings of 'vandalism' and 'malicious mischief' include 'arson.'"); *Bear River Mut. Ins. Co. v. Williams*, 153 P.3d 798, 802-803 (Utah Ct. App. 2006) ("The intentional damaging or destruction of property by fire, generally referred to as arson, is merely one form of vandalism or malicious mischief, and is thereby excluded as a coved loss under the policy."); *Battishill v. Farmers All. Ins. Co.*, 139 N.M.24, 28 (2006) ("We have concluded that arson is a type of vandalism and malicious mischief.")*; Potomac Ins. Co. of Ill. v. NCUA a/k/a Nat'l Credit Union Ass'n.*, No.96 C 1044, 1996 WL 396100 at *4 (N.D. Ill. July 12, 1996) (". . . it is apparent that arson—the willful or malicious destruction of public or private property through the setting of a fire—is a type of vandalism."); *McPherson v. Allstate Indem. Co.*, No. 3:11cv638-WHA, 2012 WL 1448049 at *4 (M.D. Ala. April 26, 2012) ("Allstate has made it clear that loss by fire is covered by the vacancy exclusion by specifically referring to 'loss caused by fire resulting from vandalism.'"); *Costabile v. Metropolitan Prop. and Cas. Ins. Co.*, 193 F. Supp.2d 465, 471 (D. Conn. 2002) (". . . the *Potomac* court compared the dictionary definitions of 'arson' and 'vandalism' and concluded that arson is a type of vandalism.").

8

(4:15CV0239)

Against this unsettled landscape, Wells Fargo argues that, based on principals of contract interpretation, the exclusion for "vandalism and malicious mischief" does not apply to "arson," in the context of the Policy. ECF No. 36 at PageID #: 251. Wells Fargo argues that terms must be given the same meaning throughout the whole policy, and when viewing the Policy as a whole, arson is not a form of vandalism or malicious mischief. Wells Fargo also points to the arson reward provision, in which Allstate describes arson as a "fire loss" and not as "vandalism or malicious mischief." ECF No.35-1 at PageID#:224. Under the personal property provision (coverage C), "fire" and "vandalism" are treated as separate perils. Therefore, arson is not a form of "vandalism," but a form of "fire." ECF No.35-1at PageID#: 220-21. In the alternative, Wells Fargo argues that the term "arson" is at least ambiguous as to whether it is a "fire" or "vandalism" loss, and any ambiguity must be interpreted against the drafter – Allstate. ECF No. 36 at PageID #: 257. *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 467 (2011).

Allstate retorts that the exclusion is unambiguous and that based on the plain meaning of "arson," "vandalism,"and "malicious mischief," arson is a form of vandalism or malicious mischief. ECF No. 38 at PageID#: 274. Allstate relies on the dictionary definitions of the terms to show that arson is a form of vandalism or malicious mischief.[3] Allstate also insists that the distinction between fire and vandalism, does not apply to the relevant part of the Policy because of the distinction between the "named-perils" coverage versus the "all risk" coverage. Wells

---

[3] Allstate claims it is "untenable to define all terms in an insurance policy. . . ." ECF No. 38 at PageID #: 272. Perhaps. But, Allstate is not being asked to define all terms, but rather just perils covered or excluded by the vacancy provision.

9

(4:15CV0239)

Fargo filed its claim under the "all risk" portion of the Policy.[4]  ECF No. 38 at PageID #: 270.

In Ohio, the basic rules of contract interpretation govern the interpretation of insurance policies. Contracts are interpreted in a reasonable manner to give effect to the intent of the parties who entered into the contract. *Whitt Mach., Inc. v. Essex Ins. Co.*, 377 Fed.Appx. 492, 496 (6th Cir. 2010) (citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 549 (2001)). The entire policy must be construed together as a whole and every provision must be given effect. *Waste Management, Inc. v. Rice Danis Indus. Corp.*, 257 F. Supp.2d 1076, 1083 (S.D. Ohio 2003). Terms are given their plain and ordinary meaning unless another meaning is clearly present from the terms of the policy. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 245-46 (1977); *Penn. Traffic Co. v. AIU Ins. Co.*, 99 Ohio St.3d 227, 229 (2003) (citing *Gomolka v. State Auto. Mut. Ins.Co.*, 70 Ohio St.2d 166, 167-68 (1982)). Any ambiguity in a policy is construed strictly against the insurer as the drafter of the policy. *Westfield v. Galatis*, 100 Ohio St.3d 216, 220 (2003).

Insurance policies are interpreted in a reasonable manner to give effect to the intent of the parties. *Whitt Mach. Inc.*, 377 Fed. Appx. at 496. The reviewing court looks at the language used in the contract to discern the intent of the parties. In the Policy, Allstate does not define "arson," "vandalism," or "malicious mischief." Undefined terms in a policy are given their plain and ordinary meaning. *Penn. Traffic Co.*, 99 Ohio St.3d at 229. The dictionary defines "arson"

---

[4] Allstate argues that these two portions of the Policy should be read differently because under the "all risk" portion of the Policy, every risk is covered unless the Policy explicitly excludes it. Whereas, under the "named-perils" portion of the Policy, only those causes of loss enumerated are covered.

10

(4:15CV0239)

as "the willful and malicious burning of property. . .;" "vandalism" as "willful or malicious destruction or defacement of public or private property;" and "malicious mischief" as "willful, wanton, or reckless damage to or destruction of another's property." *Webster's Tenth New Collegiate Dictionary* 702, 1301(10th ed. 2000). Using only the dictionary definitions, "arson" could reasonably be interpreted to be a subset of "vandalism or malicious mischief" that specifically involves the act of burning property. However, we cannot read words in isolation and must read them within the contract as a whole. *Waste Management, Inc.*, 257 F. Supp.2d at 1076.

Allstate urges the Court to draw a distinction between the "all-risk" and "named-perils" portions of the Policy. Such an exercise would contravene basic principals of contract interpretation in Ohio. Insurance policies must be examined in their entirety, "a proper reading of the policy generally cannot be accomplished by relying on one provision to the exclusion of others." *Hartong v. Makary*, 106 Ohio App.3d 145, 149 (1995) (citing *Nat'l Union Fire Ins. Co. Of Pittsburgh, Pa. v. Shane & Shane Co., L.P.A.*, 78 Ohio App.3d 765, 769 (1992)).

Applying basic principals of contract law interpretation to the Policy as a whole, arson is not excluded by the vacancy exclusion for "vandalism or malicious mischief." The vacancy exclusion is featured in two places in the Policy. Once, in the provision labeled "Losses We Do Not Cover Under Coverage A, Coverage B and Coverage C," and again in the provision labeled "Losses We Cover Under Coverage C." ECF No.35-1at PageID#: 221, 225. The language explaining the vacancy exclusion is substantially the same in both places. *See* ECF No. 35-1 at PageID #: 221 ("**We** do not cover vandalism or malicious mischief if **your dwelling** has been

11

(4:15CV0239)

vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. . . .") (emphasis in the original); *see also* ECF No. 35-1 at PageID #: 226.

When a term exists in multiple places in a contract, the term should be given the same meaning throughout the contract, unless another interpretation is clear from the language of the contract. *Laboy v. Grand Indem. Ins. Co.*, 144 Ohio St.3d 234, 236 (2015). Because the vacancy exclusion provision is laid out using the same language in two parts of the Policy, the provision should be read to exclude the same perils from coverage. Therefore, the vacancy exclusion provision cannot be read to exclude fire loss coverage under Coverage A, but allow fire loss coverage under Coverage C.

The intent of the parties to a contract is presumed from the language used. *Westfield Ins. Co. v. Custom Agri. Sys., Inc.*, 133 Ohio St.3d 476, 478 (2012). "Fire" and "vandalism" are listed as separate perils under the "Losses We Cover Under Coverage C" provision. ECF No. 35-1 at PageID #: 220-21. The Court finds that the listing of "fire" and "vandalism" as separate perils indicates Allstate's intent for those terms to be applied to separate events. Because "vandalism" does not include "fire" under the personal property protection provision (Coverage C), "vandalism" does not include "fire" under the dwelling protection provision (Coverage A).

Other states that have considered this issue have found that arson is a covered fire loss when reviewing policies that contain an arson reward provision similar to that in the Policy at issue. *Am. States Ins. Co.*, 97 P.3d at 777-78 ("Arson Reward- We will pay an arson reward for information which leads to an arson conviction for loss or damages covered by this policy."); *Johnson v. State Farm Fire & Cas. Co.*, No. 278267, 2008 WL 4724322, at *3-4 (Mich. Ct. App.

12

(4:15CV0239)

Oct 28, 2008) ("**Arson Reward.** We Will pay $1,000 for information, which leads to an arson conviction in connection with a fire loss to property covered by this policy.") (emphasis in original). The arson reward provision in the Policy states: ". . . an arson conviction in connection with a *fire loss* to property covered under **Section I** of this policy." ECF No.35-1 at PageID #: 224 (italics added). This is the only mention of arson in the Policy, and it is in connection with a fire loss rather than a vandalism loss. In interpreting this provision in harmony with the rest of the terms of the Policy, "arson" is a subset of "fire" rather than "vandalism" under the structure of the Policy.

Allstate cites to *McPherson v. Allstate Indem. Co.*, No. 3:11cv638-WHA, 2012 WL 1448049 at *4 (M.D. Ala. April 26, 2012) to support the position that "arson" is a subset of "vandalism." In *McPherson*, Allstate drafted a policy which defined "vandalism" as "willful or malicious conduct resulting in damage . . . of property." *Id.* at *2, 5. Allstate also explicitly stated that "sudden and accidental direct physical loss caused by <u>fire</u> resulting from vandalism" was a covered loss. *Id.* at *2 (emphasis added). The court ruled that "Allstate [ ] made it clear that loss by fire is covered by the vacancy exclusion by specifically referring to 'loss caused by fire resulting from vandalism.'" *Id.* at *4. If Allstate had intended for "arson" to be excluded under the vacancy exclusion provision for "vandalism or malicious mischief" in the Policy, it could have easily drafted the language to reflect its intention.

In summary, the Court holds that the Policy provides coverage for a loss caused by fire or arson, but does not cover vandalism or malicious mischief at a vacant dwelling. As noted above, if Allstate had intended a different result, as drafter of the policy, it could have distinguished

13

(4:15CV0239)

between accidental and intentionally set fires, as it did in *McPherson*.  *Id.*  Alternatively, Allstate could have defined "arson," "vandalism and malicious mischief" or "fire."

## VI. Conclusion

Plaintiff's Motion for Summary Judgment (ECF No. 36) is granted; and Defendant's Motion for Summary Judgment (ECF No. 38) is denied.  Defendant's Motion to Set Hearing (ECF No. 43) is denied as unnecessary.

IT IS SO ORDERED.

| | |
|---|---|
| November 21, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |